Submitted on the record and briefs March 5, decision of the Court of Appeals reversed; judgment of the circuit court affirmed April 8, 1993

## STATE OF OREGON
*Petitioner on Review,*

*v.*

## ROBERT F. BURSS,
*Respondent on Review.*

### (CC 89CR-0433-TM; CA A67651; SC S39656)

848 P2d 596

Robert M. Atkinson, Assistant Attorney General, Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem, filed the petition for petitioner on review.

Sally L. Avera, Public Defender, Salem, filed the response for respondent on review.

GILLETTE, J.

## GILLETTE, J.

In this criminal case, defendant moved for dismissal of the charges against him on the ground that the state had failed to bring him to trial within the 180-day period prescribed by the Interstate Agreement on Detainers (IAD) (codified at ORS 135.775).[1] The trial court denied the motion, and defendant was convicted. The Court of Appeals reversed. *State v. Burss*, 113 Or App 494, 833 P2d 1300 (1992). We allowed review and now reinstate the judgment of the circuit court.

On June 6, 1989, a Deschutes County Grand Jury indicted defendant on two counts of sexual abuse in the first degree. Approximately one week later, defendant was arrested in Nevada and held on the Oregon charges. While jailed in Nevada, defendant was charged with and convicted of crimes unrelated to the Oregon charges. On April 3, 1990, while incarcerated in a Nevada penitentiary, defendant sent to Nevada officials a request for disposition of the Oregon charges pursuant to Article III of the IAD.[2] The Deschutes

---

[1]

"The Interstate Agreement on Detainers [IAD] * * * is a compact among 48 States [including Oregon], the District of Columbia, and the United States. * * * [T]he Agreement establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial. * * * [T]he Detainer Agreement establishes procedures under which a prisoner may initiate his transfer to the receiving State and procedures that ensure protection of the prisoner's speedy trial rights." *Cuyler v. Adams*, 449 US 433, 435 n 1, 101 S Ct 703, 66 L Ed 2d 641 (1981).

[2] Article III of the IAD provides, in part, as follows:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the *prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of imprisonment and the request of the prisoner for final disposition to be made of the indictment, information or complaint* * * *.

"(b) The written notice and request for final disposition referred to in paragraph (a) of this Article shall be given or sent by the prisoner to the warden or other official having custody of the prisoner, who shall promptly forward it together with the certificate to the prosecuting official and court by registered or certified mail, return receipt requested."

(Emphasis supplied.) No issue has been raised in this case concerning the requirement of delivery of notice to "the appropriate court."

County District Attorney received defendant's request on May 11, 1990. Defendant was brought to trial on November 5, 1990, 216 days after he sent his request to the Nevada officials and 178 days after the Deschutes County District Attorney received the request.

Before trial, defendant moved for dismissal on the ground that the state had failed to bring him to trial within the 180 days prescribed by the IAD.[3] The trial court denied the motion, concluding that the 180-day period did not begin until the Deschutes County District Attorney received defendant's request. Following his conviction on stipulated facts, defendant appealed, assigning as error the denial of his motion to dismiss. The Court of Appeals reversed, holding that the 180-day period began "when [defendant] sent his request for a final disposition to the warden of the penitentiary in the sending state." *State v. Burss, supra,* 113 Or App at 498.

The issue presented by this case is when the 180-day period prescribed by the IAD begins. Resolution of that issue turns on the interpretation of Article III(a) of the IAD, which states that "the prisoner shall be brought to trial within 180 days *after the prisoner shall have caused to be delivered to the prosecuting officer * * * the request * * * for a final disposition.*" (Emphasis supplied.) Interpretation of this language raises a question of federal, rather than state, law. *Thomas v. Keeney,* 307 Or 526, 528 n 1, 771 P2d 249 (1989) ("The IAD 'is a congressionally sanctioned interstate compact the interpretation of which presents a question of federal law.' ") (quoting *Cuyler v. Adams,* 449 US 433, 442, 101 S Ct 703, 66 L Ed 2d 641 (1981)). Therefore, in resolving the issue presented here, we are bound by decisions of the Supreme Court of the United States.

---

[3] The 180-day requirement, as found in Article III(a) of the IAD, is set out in note 2, *supra*. Article V(c) of the IAD provides, in part:

"[I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III * * * of this agreement, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

A recent decision of that Court is dispositive of the issue presented here. After we allowed review in this case, the Supreme Court decided *Fex v. Michigan*, 507 US ___, 113 S Ct 1085, 122 L Ed 2d 406 (1993), a case involving the same issue now before us. In *Fex*, the Court interpreted the language of Article III(a) set out above and held that "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." 507 US at ___, 113 S Ct at 1091.

The Supreme Court's holding in *Fex* disposes of the present case. Defendant's request for final disposition was delivered to the Deschutes County District Attorney on May 11, 1990. Because defendant's trial occurred within 180 days of that date, defendant was tried within the period specified by the IAD, and defendant's motion to dismiss was not well taken. It follows that the Court of Appeals erred in reversing defendant's convictions.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.